**Mansfield Plumbing Products, Inc.**
v.
**OBES**
*[Cite as 6 AOA 319]*

*Case No. 89AP-574*
*Franklin County, (10th)*
*Decided August 9, 1990*

*William J. Wahoff and Helen MacMurray, Squire, Sanders & Dempsey, for Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General, and George H. Calloway, for Appellant.*

BOWMAN, J.

Prior to January 1, 1987, the Clevepak Corporation was a business owned and operated in Ohio by Eagle Industries Pursuant to a plan of reorganization, an agreement was executed on January 31, 1987, whereby Mansfield Plumbing and Clevaflex, two separate divisions of Clevepak, became wholly owned subsidiaries of Eagle Industries By virtue of this agreement, which became effective on February 1, 1987, 87.5 percent of Clevepak's assets and four hundred of its employees were transferred to Mansfield Plumbing, while the remaining 12.5 percent of Clevepak's assets and forty employees were transferred to Clevaflex and, therefore, Clevepak did not retain any assets or employees. Mansfield Plumbing submitted Form UCO-1, Report To Determine Liability, and Form UCO-1s, Acquisition of Business, both dated February 27, 1987, to the Ohio Bureau of Employment Services ("OBES"), which gave OBES notice of Mansfield Plumbing's acquisition of Clevepak's employees and assets On April 2, 1987, OBES determined that Mansfield Plumbing was an employer pursuant to R.C. 4141.01(A)(1) and that, as of January 2, 1987, Mansfield Plumbing was subject to pay contributions at the rate of a new employer. OBES then assigned Mansfield Plumbing a 1987 contribution rate of 4.7 percent based upon the average contribution rate for its industry.

Mansfield Plumbing challenged the determination of the OBES on the ground that it should be treated as successor in interest instead of as a new employer, and that it should have the benefit of Clevepak's favorable claims experience for 1987. On August 7, 1987, OBES found that Mansfield Plumbing was not eligible for successor in interest status because an application for transfer of employment experience and a notice of intention to apply had not been filed pursuant to Ohio Adm. Code 4141-17-01(A). Mansfield Plumbing appealed this determination to the board of review and, on November 10, 1987, Mansfield Plumbing and Clevepak submitted a formal joint application for transfer of employment experience.

On May 17, 1988, the board of review held that Mansfield Plumbing became a successor in interest to Clevepak effective February 1, 1987 because, as of that date, Mansfield Plumbing acquired substantially all of the assets of its predecessor. However, the board also found that Mansfield Plumbing could not be a successor in interest to Clevepak's favorable claims experience for 1987, but that the favorable claims experience transferred from Clevepak would be used in determining Mansfield Plumbing's 1988 contribution rate. Mansfield Plumbing then

appealed to the court of common pleas contesting the board's ruling. The trial court vacated the decision of the a board of review and held that Mansfield Plumbing was entitled to the contribution rate of its predecessor effective February 1, 1987. The court then remanded the matter back to OBES to recompute Mansfield Plumbing's contribution rate as a successor in interest for the year 1987. OBES now brings this appeal and asserts the following assignments of error:

"1. The court below erred in finding that Mansfield Plumbing Products, Inc. had been an employer, pursuant to R.C. 4141.01(A)(1), for fifty (50) years prior to January 2, 1987, and therefore, could not be considered as a new employer subject to R.C. 4141.25(B).

"2. The court below erred in finding that O.A.C. 4141-15-01 could not be applicable to Mansfield Plumbing Products, Inc. because the determination assigning it a contribution rate was not issued until after the requirements for successorship status had been satisfied.

"3. The court below erred in finding that Mansfield Plumbing Products, Inc. was entitled to the benefit of its predecessor's experience as of February 1, 1987."

OBES's assignments of error are related and will be considered together. In these assignments of error, OBES asserts that the trial court erred in finding that Mansfield Plumbing had been an employer for fifty years, as opposed to being considered a new employer, thus entitling it to the benefit of its predecessor's experience.

In reviewing a determination of a trial court on the manifest weight of the evidence on appeal from the board of review, this court may reverse only upon a showing that the trial court abused its discretion. An abuse of discretion connotes more than an error of Judgment; it implies a decision which is without a reasonable basis, and one that is clearly wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159.

The seminal issue before us is whether appellee is a successor in interest as defined by R.C. 4141.24(F). R.C. 4141.24(F), in effect at the time of this transaction, stated:

"If an employer transfers his business or otherwise reorganizes such business, the successor in interest shall assume the resources and liabilities of such employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under Chapter 4141. of the Revised Code. If an employer acquires substantially all of the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer s enterprise, and immediately after the acquisition employs in his trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business or in the separate unit of such trade or business of such predecessor employer, then, upon application to the administrator signed by the predecessor employer and the acquiring employer, the employer acquiring such enterprise is the successor in interest. *** "

Under the provisions of R.C. 4141.24(F), a subsequent employer may be a successor in interest, and thus be entitled to a predecessor employer's unemployment rating, if he acquires substantially all of the assets of the predecessor employer; immediately employs substantially the same individuals who were employed by the predecessor; and together with the predecessor employer, makes an application to the administrator of the Bureau of Unemployment Compensation for such rating. *In re Lord Baltimore Press, Inc.* (1965), 4 Ohio St. 2d 68. See, also, *Makkas v. Unemployment Comp. Bd. of Review* (1985), 18 Ohio St. 3d 349.

Both the board of review and the trial court found that Mansfield Plumbing was a successor in interest effective February 1, 1987. We agree. Mansfield Plumbing acquired substantially all of the assets of Clevepak and immediately after the acquisition employed substantially the same individuals who had previously worked for Clevepak. In addition, on February 27, 1987, Mansfield Plumbing and Clevepak filed OBES Form UCO-s, Acquisition of Business, which gave notice to the bureau that Mansfield Plumbing had acquired Clevepak's employees and assets.

OBES asserts, however, that although Mansfield Plumbing became a successor in interest as of February 1, 1987, Mansfield Plumbing is liable to contribute at the rate of new employers for all of 1987 pursuant to Ohio Adm. Code 4141-15-01 because the succession occurred in the first quarter of 1987. Moreover, OBES asserts that Mansfield Plumbing did not satisfy the filing requirement until November 10, 1987 when an application for transfer of employment experience was filed with OBES. In addition, OBES asserts that it had already established a new employer contribution rate for Mansfield Plumbing on April 2, 1987, prior to the time that Mansfield Plumbing filed its applica-

tion for successorship status on November 10, 1987.

Ohio Adm. Code 4141-15-01 provides:

"When an employer is subject to the Ohio unemployment compensation law and becomes a successor in interest, in whole or in part, of a former employer within the purview of section 4141.24 of the Revised Code, *the contribution rate of such successor employer as determined prior to the succession for the current calendar year shall continue for the remainder of such year, regardless of the succession.* When such subject employer becomes a successor in interest, in whole or in part, by acquiring a business during the third or fourth quarters of any calendar year, the experience of the predecessor shall be combined with that of the successor as of the prior computation date and a rate for the successor will be calculated for the succeeding calendar based on the combined experience of the merged accounts." (Emphasis added.)

OBES asserts that the earliest Mansfield Plumbing could be considered for successorship status was when it acquired the assets of its predecessor on February 1, 1987. However, because Mansfield Plumbing took over Clevepak's payroll on January 2, 1987, Mansfield Plumbing became a new employer and, thus, Mansfield Plumbing was liable to contribute to the unemployment compensation fund beginning January 1, 1987 at the contribution rate established by OBES on April 2, 1987.

The plain language of Ohio Adm. Code 4141-15-01 provides that the contribution rate of a successor employer as determined prior to the succession for the calendar year shall continue for the remainder of such year regardless of the succession. In addition, R.C. 4141.24(F) provides that Mansfield Plumbing, the successor in interest, shall assume the resources and liabilities of Clevepak and continue the payment of all contributions due from Clevepak. Thus, during 1987, Mansfield Plumbing is required by R.C. 4141.24(F) to continue to pay the same contribution rate as Clevepak. See *Sugardale Foods, Inc. v. OBES* (May 3, 1979), Franklin App. No. 78AP-766, unreported (1979 Opinions 1178). Thus, it is OBES's own rules that dictate that a successor employer is entitled to its predecessor's experience rating for the remainder of the first year.

Accordingly, this court finds that the trial court did not abuse its discretion in its determination that Mansfield Plumbing is entitled to the contribution rate of its predecessor effective February 1, 1987. OBES's three assignments of error are not well-taken and are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and KERNS, J., concur.

KERNS, J., retired of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.