### U.S.X. Corp. v. Unemployment Compensation Bd. of Review
*[Cite as 8 AOA 599]*

*Case No. 90AP-633*
*Franklin County, (10th)*
*Decided December 11, 1990*

*William W. Milligan, John A. Fiocca, Jr., Lane, Alton & Horst, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, and Sharon D. Tassie, for Appellees.*

BRYANT, J.

Appellant, U.S.X. Corp., appeals from a judgment of the Franklin County Court of Common Pleas affirming the determination of the appellee, Unemployment Compensation Board of Review, relative to the adjusted fund

balance employed in determining appellant's 1988 contribution tax rate.

Pursuant to R.C. 4141.26, each year between September 1 and December 1, the administrator of the Bureau of Employment Services mails to each employer a contribution rate determination for the following year. As part of the determination of contribution rate, the administrator reduces an employer's negative balance to a percentage of its average taxable payroll.

In this case, the administrator mailed appellant's contribution rate determination on December 1, 1987; and in making the calculations contained therein, the administrator applied Sub. H.B. 231, effective January 1, 1988. In R.C. 4141.24(A)(2)(b), as amended, the administrator is directed to reduce the employer's negative balance to fifteen percent of its average taxable payroll. By contrast, Am. Sub. H.B. 429, effective prior to January 1, 1988, directed the administrator to reduce an employer's negative balance to ten percent of its average taxable payroll.

Appellant asserted that the administrator erred in applying a rate of fifteen percent, rather than ten percent, against its negative balance; and it requested a reconsideration of the administrator's determination. The administrator issued a reconsidered determination affirming the prior determination. Appellant appealed therefrom to the Unemployment Compensation Board of Review ("board"). A hearing was held before a referee, and ultimately the board affirmed the administrator's reconsidered determination, finding that the administrator's "*** application was reasonable in that the effective date of the Act was January 1, 1988. Since the Act was effective with that date, it should effectuate the manner in which the 1988 contribution rates were determined ***."

Appellant appealed to the Franklin County Court of Common Pleas, which affirmed the decision of the board on the authority of *East Ohio Gas Co. v. Limbach* (1986), 26 Ohio St. 3d 63. Appellant appeals therefrom, assigning three errors:

"1. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT, IN COMPUTING APPELLANT'S ADJUSTED FUND BALANCE AS OF JULY, 1, 1987, THE ADMINISTRATOR PROPERLY USED THE 15% RATE SPECIFIED IN §4141.24(A)(2)(b) O.R.C., AS AMENDED BY HB 231, EFFECTIVE JANUARY 1, 1988, AS OPPOSED TO USING THE 10% RATE SPECIFIED IN §4141.24(A)(2)(b) O.R.C AS ENACTED BY HB 429, EFFECTIVE JUNE 6, 1986.

"2. THE TRIAL [sic] ERRED IN DETERMINING THAT, IN COMPUTING APPELLANT'S ADJUSTED FUND BALANCE AS OF JULY 1, 1987, THE ADMINISTRATOR DID NOT RETROSPECTIVELY APPLY SECTION 4141.24(A)(2)(b) O.R.C., AS AMENDED BY HB 231, EFFECTIVE JANUARY 1, 1988.

"3. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Inasmuch as the three assignments of error are interrelated, we address them jointly.

The parties herein agree that the issue is application of R.C. 4141.24(A)(2)(b), and no other subsection of R.C. 4141.24(A) (2). That section, prior to the amendments contained in Sub. H.B. 231, stated as follows:

"IF AT THE NEXT COMPUTATION DATE AFTER THE COMPUTATION DATE AT WHICH A TRANSFER FROM THE ACCOUNT OCCURS PURSUANT TO SUBDIVISION (A)(2)(a) OF THIS SECTION, A CONTRIBUTORY EMPLOYER'S ACCOUNT SHOWS A NEGATIVE BALANCE IN EXCESS OF *TEN PER CENT* OF THE EMPLOYER'S AVERAGE ANNUAL PAYROLL, THEN *BEFORE* HIS CONTRIBUTION RATE IS COMPUTED FOR THE NEXT SUCCEEDING CONTRIBUTION PERIOD AN AMOUNT EQUAL TO THE AMOUNT OF THE EXCESS SHALL BE PERMANENTLY TRANSFERRED FROM THE ACCOUNT AS PROVIDED IN THIS DIVISION."
(Emphasis added.)

By contrast, Sub. H.B. 231, effective January 1, 1988, changed the percentage specified in the section:

"If at the next computation date after the computation date at which a transfer from the account occurs pursuant to subdivision (A)(2)(a) of this section, a contributory employer's account shows a negative balance in excess of *fifteen per cent* of the employer's average annual payroll, then before his contribution rate is computed for the next suc-

ceeding contribution period an amount equal to the amount of the excess shall be permanently transferred from the account as provided in this division." (Emphasis added.)

On appeal, appellant essentially contends that the board applied Sub. H.B. 231 retroactively; that nothing in the statute indicates it is to be applied retroactively; and that the administrator properly should have applied the law in effect at the time of appellant's contribution rate determination.

A statute is presumed to be prospective in its operation unless expressly made retrospective. See R.C. 1.48; *Van Fossen v. Babcock & Wilcox* (1988), 36 Ohio St. 3d 100. However, retroactive application of a statute typically occurs when the statute, then in effect, is applied to a time period preceding the effective date of the statute. See *East Ohio Gas Co. v. Limbach, supra.* By contrast, at a time Sub. H.B. 231 was not yet effective, the administrator applied it herein to computations required under the then existing statute, Am. Sub. H.B. 429.

Whether or not the administrator's actions constitute a retroactive application of Sub. H.B. 231, they are not supported at law, as the "presumption is that the legislature intends a statute to take effect at the time it declares the statute shall be in effect ***." *State, ex rel. Harness, v. Roney* (1910), 82 Ohio St. 376, paragraph one of the syllabus; followed in *State, ex rel. Conn, v. Noble* (1956), 165 Ohio St. 564, 569. Specifically, the administrator is bound to act under existing law. The then existing law required the administrator to apply a ten percent rate in making the pertinent calculations herein. Anticipating as yet ineffective legislation, the administrator applied a percentage rate which, at the time, did not exist in law. In doing so, the administrator erred.

Appellee contends that the fifteen percent negative balance write-off provision must be applied to the calculations herein, as the legislation was "*** intended to assist individual employers suffering severe economic downturns, by enabling such employers to shift the responsibility for large negative balances to all contributory employers"; that, the purpose of the legislation was to "*** reduce over all tax rates, while at the same time to rebuild the safe level of the unemployment compensation trust fund." In accordance with those purposes, appellee contends

that Sub. H.B. 231 increased the amount of negative balance for which individual employers would be responsible, and thus operated to lower the tax rates of the vast majority employers in the state of Ohio. However, even if the foregoing is the intent of Sub. H.B. 231, the legislature chose an effective date of January 1, 1988. Inasmuch as the calculations affecting the 1988 tax rate were done prior to that date, Sub. H.B. 231 has no application to those calculations.

Nonetheless, appellee suggests that the legislature clearly intended that the amended provisions of Sub. H.B. 231 be applied to the calculations occurring in September through December 1987, as the "*** General Assembly expressly stated only one such amendment was not to be applied until the July 1, 1988 computation date. ***" As a result, appellee contends that calculations as of the July 1, 1987 computation date, including those herein, must be in accordance with Sub. H.B. 231. We disagree. Even if the legislature intended the provisions of Sub. H.B. 231 to apply to the calculations made as of the July 1, 1987 computation date, the legislature failed to make the legislation effective on a date when those computations would be governed by the new legislation.

In the final analysis, Sub. H.B. 231 was not effective at the date the administrator made the calculations herein; and the administrator could not apply the not yet effective legislation. The administrator was unauthorized by law to apply a percentage rate not yet in effect.

Appellee relies on *East Ohio Gas Co., supra,* as authority for application of Sub. H.B. 231 to the time period from September through December 1987. However, *East Ohio Gas Co.* is distinguishable from the facts herein. In that case, the legislation being applied was effective February 24, 1983, and increased the annual excise tax for the 1983 year, which, for natural gas companies, encompassed the period from May 1, 1982 to April 30, 1983. The increased tax rate therein was to be incorporated in the annual excise tax statement required to be filed on or before the first day of August 1983. The issue of retroactive application of the statute arose because the new tax rate was to apply to a time period before the statute became effective. Unlike the present case, however, the tax rate being applied therein was effective,

even though it was applied to a time period preceding the effective date of the statute. By contrast, in the present case, the percentage rate applied was not yet effective.

Given the foregoing, we find the administrator erred in applying Sub. H.B. 231 to the negative balance calculations made in 1987. The negative balance calculations at issue herein should have been made in accordance with the statute in effect at that time. To that extent, then, appellant's three assignments of error are sustained, the judgment of the common pleas court is reversed, and this matter is remanded for further proceedings in accordance herewith.

*Judgment reversed and*
*cause remanded.*

BOWMAN and GERKEN, J.J., concur.

GERKEN, J., of the Hocking County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.