**CITY OF NORTH OLMSTED, Appellee,**

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES, Appellant.**

[Cite as *N. Olmsted v. Ohio Bur. of Emp. Serv.* (1991), 78 Ohio App.3d 88.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–953.

Decided Dec. 31, 1991.

*James H. Dubelko*, for appellee.

*Lee Fisher*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellant.

---

JOHN C. YOUNG, Judge.

On June 13, 1988, the city of North Olmsted, appellee, filed an application for classification as a seasonal employer, pursuant to R.C. 4141.33, with the Ohio Bureau of Employment Services ("OBES"). On October 5, 1988, the Administrator of OBES denied the application. Appellee requested reconsid-

eration of the decision, and on March 16, 1989, the administrator affirmed the prior decision.

Appellee appealed the administrator's reconsideration decision to the Unemployment Compensation Board of Review ("board"). Following a hearing, the board rendered a decision which upheld the denial of status as a seasonal employer.

Thereafter, appellee appealed to the Franklin County Court of Common Pleas on November 19, 1990. By decision dated July 12, 1991, the common pleas court reversed the decision of the board, and held that appellee was entitled to status as a seasonal employer. The court's decision was journalized on August 1, 1991.

OBES has appealed to this court and raises the following assignment of error:

"The court of common pleas erred in reversing the decision of the Unemployment Compensation Board of Review and in holding that the city of North Olmsted is entitled to seasonal employer status under R.C. 4141.33 for its employees working as school crossing guards."

R.C. 4141.26 sets forth the standard of review for common pleas courts concerning an appeal from an order of OBES. R.C. 4141.26(B) provides, in pertinent part, as follows:

" * * * The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

This court has held that the court's scope of review under R.C. 4141.26(B) is a hybrid form of review which deserves the same broad interpretation as afforded under R.C. 119.12. See *TMTW, Inc. v. Ohio Bur. of Emp. Serv.* (Dec. 23, 1986), Franklin App. No. 86AP–590, unreported, 1986 WL 14868. In *TMTW*, this court cited *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267, and stated as follows:

" ' * * * [W]hether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court.' " *TMTW*, at 3–4.

■ On appeal, our review of the common pleas court's decision is further limited to an abuse-of-discretion standard. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280. An "abuse of discretion" " * * * connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong." *Id.* at 161–162, 11 OBR at 244, 463 N.E.2d at 1283.

■ The eligibility requirements for status as a seasonal employer are set forth in R.C. 4141.33(A) as follows:

" 'Seasonal employment' means employment of individuals hired primarily to perform services in an industry which because of climatic conditions or because of the seasonal nature of such industry it is customary to operate only during regularly recurring periods of forty weeks or less in any consecutive fifty-two weeks. 'Seasonal employer' means an employer determined by the administrator of the bureau of employment services to be an employer whose operations and business, with the exception of certain administrative and maintenance operations, are substantially all in a seasonal industry. * * * "

It is undisputed that appellee employed school crossing guards for the time period in question from August 30, 1988 to June 7, 1989. This constitutes forty-two weeks and would appear to disqualify appellee from status as a seasonal employer. However, appellee argued that the school crossing guards were only paid for those weeks during which they worked. Therefore, because the school crossing guards were not employed for two weeks during Christmas break and for one week during spring break, those school crossing guards were actually employed for only thirty-nine weeks out of every fifty-two-week period. The court of common pleas agreed with appellee's arguments and determined that the decision of OBES was contrary to law.

Whether or not the legislature intended this result, this court finds that the court of common pleas did not abuse its discretion in determining that sustained periods off work, such as spring, fall and Christmas vacations, constitute time-off for purposes of computing the "less than forty weeks test" under R.C. 4141.33(A). Accordingly, OBES' assignment of error is not well taken and is overruled.

Based on the foregoing, OBES' assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PETREE and TYACK, JJ., concur.