In re Contribution Rate of the Lord Baltimore Press, Inc.; Richardson Taylor-Globe Division, Appellant.

(No. 39177—Decided December 15, 1965.)

*Messrs. Frost & Jacobs, Mr. H. J. Siebenthaler* and *Mr. C. A. Atwood,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Tony R. Kidd* and *Mr. Bernard L. Heffernan,* for appellee.

MATTHIAS, J. The question in the instant case is whether Lord Baltimore Press (the successor employer) qualifies as a successor in interest to Richardson Taylor-Globe's (the predecessor employer) unemployment compensation account as set forth in Section 4141.24 (F), Revised Code. That section provides, in pertinent part:

"If an employer transfers his business or otherwise reorganizes such business, the successor in interest shall assume the resources and liabilities of such employer's account, and continue the payment of all contributions due under Sections 4141.01 to 4141.46, inclusive, of the Revised Code. If an employer acquires substantially all of the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer's enterprise, and immediately after the acquisition employs in his trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business or in the separate unit of such trade or business of such predecessor employer, then, upon application to the administrator signed by the predecessor employer and the acquiring employer, the employer acquiring such enterprise is the successor in interest."

An examination of this statute, as set forth in part above, shows that there are two general situations that can bring about the creation of a "successor in interest." They are:

(1) a transfer or reorganization of a business, and

(2) the acquisition of substantially all the assets of a business.

Number (2) above will be divided into three subtopics for the purposes of this opinion. Since appellant does not contend that the acquisition involved in this case falls under the statutory provision, as set forth above, for acquisition of "a clearly segregable and identifiable portion of an employer's enterprise," no reference will be made in this opinion to that part of the statute.

Lord Baltimore Press claims that its acquisition of Richardson Taylor-Globe falls under both the above provisions. Therefore, it is necessary to examine each.

The first method of succession provided in Section 4141.24 (F), Revised Code, requires that the predecessor "transfers his

business." The meaning of this phrase was considered by this court in *Apex Smelting Co.* v. *Cornell, Admr.* (1955), 164 Ohio St. 369. There, after examining the legislative history of the statute involved, the court concluded, at page 372:

"Prior to 1941, the words of the foregoing quoted statute, which read, 'transfer his business,' were followed by the words 'in whole or in part' (117 Ohio Laws, 289, 294). By amendment of that statute in 1941 (119 Ohio Laws, 821, 831), the latter words were eliminated from the statute, and they were not replaced by the subsequent 1947 amendment of the statute. It appears that, by the elimination of the foregoing words 'in whole or in part,' the General Assembly quite clearly expressed the intention that there should be no 'successor in interest' within the meaning of the foregoing-quoted statute unless the whole of an employer's business was transferred."

The determinative factor in the decision of the *Apex case* was the failure to transfer *all* the assets. In fact, a substantial portion of the assets were transferred, but this was insufficient in light of the legislative history. Admittedly the statute, as considered in the *Apex case*, has been substantially amended. However, the amendment merely provides for additional methods of succession in interest, in order to broaden the narrow position as applied in the *Apex* decision. Therefore, we reaffirm the decision set forth in the *Apex case* and hold that it is dispositive of the first contention of Lord Baltimore Press. Since Lord Baltimore Press did not acquire the whole of Richardson Taylor-Globe's business, it cannot obtain the status of successor in interest under the first method provided by the statute.

The second method of succession provided in Section 4141.24 (F), Revised Code, requires three distinct elements:

(1) the successor must acquire substantially all the predecessor's assets;

(2) the successor must, immediately after acquiring such assets, employ substantially the same individuals who were employed by the predecessor immediately prior to the acquisition; and

(3) an application for status as a successor in interest must be filed by both the predecessor and the successor.

This method of succession is designed to allow a successor employer to obtain the merit rate of unemployment contribution earned by the predecessor employer if the three elements set forth are rigidly adhered to. The decision set forth in the *Apex case* has no bearing in this application since the subsequent amendment to the statute applicable in that case considerably broadened the methods by which a successor employer could become a "successor in interest."

Upon examination of the statute and application of the facts in this case, it becomes obvious that Lord Baltimore Press has failed to bring itself within any one of the three required elements.

The first element as supplied by statute is considerably more involved than the others for it requires a determination as to what "substantially all of the assets" means. Appellant contends that the physical assets of Richardson Taylor-Globe are old, outdated and comparatively valueless. It is not necessary in this case to decide whether the failure to purchase the old plant and equipment should alone disqualify the buyer from status as a successor in interest, for Lord Baltimore Press did not acquire "something like a couple hundred thousand dollars in accounts receivable" of Richardson Taylor-Globe, as testified to by its treasurer. While "substantially all" certainly does not require the acquisition of 100 per cent of the assets, it does require a very high percentage of transfer to create the status of successor in interest. The lack of transfer of the accounts receivable would alone be enough to make the Lord Baltimore Press acquisition deficient.

The second element in the controlling statute turns on an interpretation of the word, "immediately," which occurs twice in the pertinent part of Section 4141.24 (F), Revised Code:

"Where the same word or phrase is used more than once in a statute, in relation to the same subject and the same purpose, if it is clear in one connection and doubtful or obscure in another, it will have the same construction in the latter as in the former, unless a different construction is plainly called for." *State, ex rel. Bohan,* v. *Industrial Commission* (1946), 146 Ohio St. 618, paragraph one of the syllabus.

It is apparent that Section 4141.24 (F), Revised Code, is

concerned with conditions prior and subsequent to the acquisition of the assets of one company by another. The phrase, "immediately prior," can submit to no construction other than that state of affairs which existed up until the time of transfer. Accordingly, "immediately after" pertains to that state of affairs commencing with the transfer of assets. Thus, while the transfer of employees from the payroll of the predecessor to the payroll of the successor does not have to occur at an instantaneous point of time, it must occur at the time of the acquisition, and the 107 days in the instant case is obviously not within the statutory requirement.

The third element set forth in this section of the statute is a matter of procedure. It requires that the application made by the acquiring employer for the merit rate of the predecessor employer be signed by both the acquiring and predecessor employers. In the instant case, Richardson Taylor-Globe did not join with Lord Baltimore Press in making the required application. This is another mark of failure on the part of Lord Baltimore Press.

We find that Lord Baltimore Press did not acquire substantially all the assets of Richardson Taylor-Globe, did not immediately after the acquisition employ substantially the same individuals employed by Richardson Taylor-Globe immediately prior to the acquisition, and did not with Richardson Taylor-Globe submit a correct application for status of a "successor in interest" to the administrator.

For the reasons set forth above, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, O'NEILL and HERBERT, JJ., concur.
TAFT, C. J., SCHNEIDER and BROWN, JJ., dissent.

SCHNEIDER, J., dissenting. The factual pattern presented in this case begs for a conclusion that the subsequent employer (Lord Baltimore Press) acquired from the predecessor employer (Richardson Taylor-Globe Corporation) "substantially all of the assets *in a trade or business*" of the latter, *i. e.*, all

intangible assets identified with and used directly in the business of carton making, less: cash, accounts receivable and obsolete tangible personal property and real estate, all of which was usable as well for other purposes.

In deciding the next question for determination, *i. e.*, whether, "immediately after the acquisition," Lord Baltimore employed in its trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business of Richardson Taylor-Globe, the majority fails to recognize that the acquisition extended over a period of several months. By the terms of the purchase contract, Mitchell Avenue Company (the new name of Richardson Taylor-Globe), although prohibited from accepting new orders, was required to complete and fill all its outstanding orders in process. This explains its retention of inventories of new goods, work in process and completed products.

"Then as each of the several stages of production [of those orders] was completed, the production employees were released to the new plant and were put on the payroll of Lord Baltimore Press." Fourth paragraph of statement of the case, page 70, *supra*, second line.

Manifestly, after each stage of production, Lord Baltimore *immediately* employed substantially the same individuals who were employed by Mitchell Avenue Company (Richardson Taylor-Globe) *immediately* prior to the completion of each stage of production.

No joint application was filed on behalf of both predecessor and acquiring employers as required by Section 4141.24, Revised Code. However, an examination of the whole record persuades me that the administrator waived this technicality by investigating the facts of the situation in the same manner as if the statute had been strictly observed by filing a joint application. Throughout the record, there is no indication and no claim by the administrator that he did not timely receive any information necessary for his determination of the issues or any of the data required by his Regulation 306.7. The Common Pleas Court apparently was not urged to consider that regulation and it was not offered in evidence as an exhibit or otherwise. That court refused to notice it judicially. This refusal

was made a specific assignment of error in the Court of Appeals, but the Attorney General's brief fails to support the assignment. The Court of Appeals refused to decide that issue. In the argument and in the briefs on the motion for jurisdiction here, the Attorney General failed to raise that issue. I am satisfied that we should hold that appellant substantially complied with the statute and grant judgment in its favor.

TAFT, C. J., and BROWN, J., concur in the foregoing dissenting opinion.