**HARTZELL PROPELLER, INC., Appellee,**

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES, Appellant, et al.**

[Cite as *Hartzell Propeller, Inc. v. Ohio Bur.*
*of Emp. Serv.* (1989), 65 Ohio App.3d 575.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–641.

Decided Dec. 12, 1989.

Calfee, Halter & Griswold and William L.S. Ross, for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *George H. Calloway,* for appellant.

---

MICHAEL A. BRAME, Judge.

This is an appeal by the Administrator of the Ohio Bureau of Employment Services from a judgment rendered by the common pleas court which reversed the administrator's decision to deny an application by a successor employer for transfer of its predecessor's rating experience pursuant to R.C. 4141.24(F). The common pleas court concluded that the sixty-day filing requirement for such applications prescribed by Ohio Adm.Code 4141–17–01(A) contravenes the administrator's rulemaking power authorized by R.C. 4141.24(F).

Appellee, Hartzell Propeller, Inc., acquired on April 9, 1987, the entire assets of Hartzell Propeller Product Division of TRW Corporation located in Piqua, Ohio. Appellee acquired not only one hundred percent of the former employer's assets, but immediately employed all employees of the predecessor employer. In order to obtain the former employer's unemployment compensation experience rating, appellee timely notified the Ohio Bureau of Employment Services ("bureau"), of appellee's intent to file for successorship status. Thereafter, pursuant to the provisions of Ohio Adm.Code 4141–17–01(A), appellee formally applied for successorship status, which application the board received on June 11, 1987. Thereafter, on June 29, 1987, the bureau denied appellee's application for the reason that it had not been timely filed within the sixty-day period required by Ohio Adm.Code 4141–17–01(A). Upon reconsideration, on August 31, 1987, the administrator upheld the denial of appellee's application.

Upon further appeal to the Unemployment Compensation Board of Review ("board"), the board affirmed the reconsidered decision of the administrator on May 17, 1988. Thereafter, appellee appealed the board's decision to the Franklin County Court of Common Pleas which, upon the recommendation of a referee, determined that the administrator had exceeded her rulemaking authority authorized by R.C. 4141.24(F) when she promulgated the sixty-day time limitation in which to file an application for successor-in-interest status. The administrator now appeals and sets forth the following assignment of error:

"1. The court below erred in holding that the Ohio Bureau of Employment Services did not have authority to establish a time limitation within which an application for successor-in-interest status, pursuant to R.C. 4141.24(F), must be filed."

The administrator contends that the trial court erred in failing to uphold the sixty-day filing requirement contained in Ohio Adm.Code 4141–17–01(A) as a procedural device which implements the implicit legislative intent that an application for successorship status be submitted within a reasonable time period following the purchase of a retiring employer's business. It is the administrator's position that, absent any specific time limitation, lengthy delays in assessing accurate contribution rates would ensue, jeopardizing the integrity of the Ohio Unemployment Compensation Fund. The administrator maintains that the absence of a cut-off date would permit successor employers to file applications only when they could obtain a more favorable rate as a successor employer. Accordingly, the administrator concludes that the General Assembly intended, by virtue of R.C. 4141.24(F), to allow the administrator to determine a reasonable period of time to file for successorship status for purposes of computing an employer's unemployment compensation rating experience.

█ The courts of this state have consistently concluded that R.C. 4141.-24(F) enables a successor employer to acquire the retiring employer's unemployment compensation rating experience following a partial sale of the former employer's business when three requirements are met. Specifically, the sale must involve a clearly segregable and identifiable portion of the former employer's enterprise, the successor employer must immediately employ substantially the same employees previously employed by the former employer, and both the former employer and successor employer must jointly apply for the transfer of the rating experience. *Makkas v. Unemployment Comp. Bd. of Review* (1985), 18 Ohio St.3d 349, 18 OBR 389, 481 N.E.2d 603; *In re Lord Baltimore Press, Inc.* (1965), 4 Ohio St.2d 68, 33 O.O.2d 436, 212 N.E.2d 590; and *Ameritech Publishing, Inc. v. Ohio Bur. of Emp. Serv.* (Aug. 11, 1987), Franklin App. No. 87AP–310, unreported, 1987 WL 15665. The administrator is empowered to adopt procedural regulations regarding the transfer of an experience rating provided for in R.C. 4141.24(F). R.C. 4141.-24(F) and 4141.13(A). Pursuant to this statutory authorization to promulgate rules, the administrator has adopted Ohio Adm.Code 4141–17–01(A), regarding the transfer of partial employment experience, which provides as follows:

"Either the predecessor or acquiring employer shall notify the bureau of the transfer and acquisition and of their intention to apply for a transfer of payroll and unemployment experience within thirty days after the date of transfer and acquisition. The application for partial transfer of payroll and unemployment experience shall then be made within sixty days after the date of the transfer and acquisition. R.C. 4141.24(F)."

Generally, a rule promulgated by administrative agencies must both be reasonable and lawful. *Sterling Drug v. Wickham* (1980), 63 Ohio St.2d 16, 19, 17 O.O.3d 10, 12, 406 N.E.2d 1363, 1366. An administrative rule which conflicts with a statute is unlawful. *State, ex rel. DeBoe, v. Indus. Comm.* (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925, paragraph one of the syllabus, and *Carroll v. Dept. of Admin. Serv.* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704. An administrative regulation which merely prescribes the time within which a party must act and which is not statutorily imposed is generally considered procedural and within the rulemaking power of an administrative agency. Cf. *State, ex rel. Curry, v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 12 O.O.3d 271, 389 N.E.2d 1126, and *State, ex rel. DeBoe, supra.*

Appellee Hartzell Propeller, Inc., contends that this court's decision rendered in *Ameritech Publishing, Inc., supra,* is dispositive of this appeal. Specifically, appellee argues that *Ameritech Publishing* concluded that the time requirements imposed by Ohio Adm.Code 4141–17–01(A) added substantive requirements which exceeded the administrator's authority to promulgate rules under R.C. 4141.24(F). Appellee's reliance on *Ameritech Publishing, Inc., supra,* is misplaced. At issue in *Ameritech Publishing* was the question whether the "notice of intent" requirement imposed by Ohio Adm.Code 4141–17–01(A) was proper in light of the rulemaking authority granted the administrator by R.C. 4141.24(F). This court concluded that the "notice of intent" requirement exceeded that rulemaking authority because the statute provided only for an application, no "notice of intent" requirement being prescribed. *Id.* Here, as both the trial court and the board correctly found, the sixty-day provision contained in Ohio Adm.Code 4141–17–01(A) merely regulates the time within which a successor employer must file the application required by R.C. 4141.24(F). Since the statute requires that an employer who seeks to succeed to a predecessor employer's experience rating file an application with the administrator, the administrator's regulation regarding the procedure, including the time period, by which to file such application does not exceed the statutory grant of rulemaking authority.

In concluding that the sixty-day time limitation imposed by Ohio Adm.Code 4141–17–01(A) was not jurisdictional, the trial court also concluded that the provisions of the rule were merely directory. However, because the rule is not jurisdictional does not necessarily mean that the rule is only directory. In this case, it is plain that the sixty-day requirement of Ohio Adm.Code 4141–17–01(A) is mandatory. See, *e.g., State, ex rel. Pontiac Motor Div., General Motors Corp., v. Motor Vehicle Dealers Bd.* (Nov. 29, 1984), Franklin App. No. 84AP–550, unreported, 1984 WL 6009, and *State, ex*

*rel. Vernon Place Extended Care Ctr., Inc., v. State Certificate of Need Review Bd.* (Aug. 11, 1983), Franklin App. No. 82AP–1044, unreported, 1983 WL 3650. While failure to comply with such mandatory rule does not deprive the agency of jurisdiction, it is not necessarily an abuse of discretion to dismiss an application where a party fails to comply with such rule. Cf. *In re Appeal of Klassic Kawasaki, Inc.* (Mar. 27, 1980), Franklin App. No. 79AP–765, unreported, and *Trease Mfg. Co. v. Bureau of Unemp. Comp.* (June 3, 1969), Franklin App. No. 9319, unreported. A mere technical noncompliance, however, where a party otherwise substantially complies with the administrative regulation, is not a proper basis upon which an administrative agency may predicate a dismissal of an application for successor status. Cf. *Readmate Automotive Systems, Inc. v. Bd. of Review, Ohio Bureau of Employment Services* (Dec. 31, 1981), Franklin App. No. 81AP–344, unreported, 1981 WL 3721. Substantial compliance with administrative rules and regulations is normally all that is required. Cf. *State, ex rel. Potten, v. Kuth* (1980), 61 Ohio St.2d 321, 324–326, 15 O.O.3d 391, 393–395, 401 N.E.2d 929, 931–933.

■ Applying these principles to the instant cause, it is clear that appellee Hartzell Propeller, Inc. substantially complied with the requirements of both R.C. 4141.24(F) and Ohio Adm.Code 4141–17–01(A). Review of the record indicates that Hartzell Propeller, Inc. acquired a clearly segregable and identifiable portion of its predecessor's enterprise, immediately employed all of its predecessor's employer's employees and applied with the former employer for successor-in-interest status. The only requirement that was not met in this case was the failure of Hartzell Propeller, Inc., to file its application within sixty days of acquiring its predecessor's enterprise. Absent evidence which demonstrates why the two-day delay in timely filing the application prevented the administrator from processing an otherwise complete application, this court concludes that the administrator abused her discretion when she dismissed the application for such a technical reason.

Our holding in this respect does not mean that the sixty-day rule is vitiated in any manner. Obviously, a delay in timely filing an application may well justify the administrator in refusing to grant relief from the rule where such delay hampers the procedural process necessary to the proper functioning of the bureau. In this case, however, the bureau took all of the procedural steps normally required for the granting of successorship status, including an R.C. Chapter 119 hearing, but denied the application because it was two days late. Such denial constitutes an abuse of the administrator's discretion and was properly reversed by the trial court.

Based on the foregoing, the administrator's sole assignment of error is overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.

MICHAEL A. BRAME, J., of the Vinton County Common Pleas Court, sitting by assignment.