OPINION
{¶ 1} Appellant, Ohio State Unemployment Compensation Review Commission ("commission"), appeals from a judgment of the Franklin County Court of Common Pleas granting appellee, Kate Corporation, successor-in-interest status to JB Medas Manufacturing Company ("JB Medas"). Because the trial court did not abuse its discretion in determining that appellee was a successor-in-interest to JB Medas, we affirm that judgment.
 {¶ 2} For many years, JB Medas operated as a manufacturing business in Ohio. In February 1999, however, JB Medas filed for Chapter 11 bankruptcy reorganization. While still in bankruptcy, JB Medas agreed to sell to appellee "all of the assets of seller free and clear of all liens and encumbrances," pursuant to a contract dated December 14, 1999. Appellee did not assume any of JB Medas' debts, liabilities or obligations in connection with that sale. The contract was approved by the bankruptcy court and, on February 24, 2000, appellee purchased all the assets of JB Medas. The next day, appellee continued JB Medas' operations in the same location and with the same employees. After the sale, appellee apparently mailed forms to the Ohio Bureau of Employment Services ("OBES," now part of the Ohio Department of Job and Family Services, hereinafter referred to as "ODJFS") indicating that it had acquired 100 percent of JB Medas' assets and seeking a determination of its liability for contributions into Ohio's Unemployment Compensation Fund.
 {¶ 3} Employers in the state of Ohio are required to make contributions into Ohio's Unemployment Compensation Fund. R.C. 4141.09. ODJFS maintains a separate account for each employer's contributions and determines the rate at which an employer makes contributions into that account. R.C. 4141.24 and 4141.25. Before its acquisition, JB Medas' contribution rate was 1.200 percent of its taxable wages. After the sale, appellee made its contribution for the first quarter of 2000 at the same rate, assuming it was entitled to that rate as a successor-in-interest to JB Medas' account. R.C. 4141.24(F). However, on July 7, 2000, OBES notified appellee that its contribution rate would be 2.700 percent.
 {¶ 4} In response, on July 18, 2000, appellee wrote to OBES and requested that it be assigned JB Medas' prior contribution rate as JB Medas' successor-in-interest. OBES treated appellee's letter as a request to reconsider its previous rate determination. OBES reconsidered its previous rate determination and, in a decision dated September 7, 2000, reaffirmed the 2.700 percent rate determination. Appellee appealed that decision to the commission. After a hearing, the commission affirmed OBES' determination that appellee was not a successor-in-interest to JB Medas. Appellee appealed that decision to the Franklin County Court of Common Pleas, which reversed the commission and named appellee a successor-in-interest to JB Medas, pursuant to Ohio Adm. Code 4141-17-04.
 {¶ 5} Appellant appeals, assigning the following assignment of error:
 THE FRANKLIN COUNTY COURT OF COMMON PLEAS ERRED IN HOLDING THAT KATE CORPORATION IS ENTITLED TO AUTOMATIC SUCCESSORSHIP AS A MATTER OF LAW TO THE CONTRIBUTION RATE ASSIGNED TO JB MEDAS, AS ODJFS' ORDER, ASSIGNING KATE CORPORATION A STANDARD NEW BUSINESS CONTRIBUTION RATE OF 2% FOR THE YEAR 2002, IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND IS IN ACCORDANCE WITH LAW.
 {¶ 6} The standard of review for appeals from the commission is found in R.C. 4141.26(D)(2), which states, in pertinent part:
 * * * The [common pleas] court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
 {¶ 7} As for this court's standard of review, an appellate court's role in reviewing the order of an administrative agency is more limited than that of a common pleas court. This court does not weigh the evidence. Childs v. Oil Gas Comm. (Mar. 28, 2000), Franklin App. No. 99AP-626, citing Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. This court determines only if the common pleas court abused its discretion. Id. However, this court's review of questions of law is plenary. Childs, supra, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 8} R.C. 4141.24(F) provides three methods for an employer to become a successor-in-interest. That statute provides, in pertinent part:
 If an employer transfers the employer's business or otherwise reorganizes such business, the successor in interest shall assume the resources and liabilities of such employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under this chapter. If an employer acquires substantially all of the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer's enterprise, and immediately after the acquisition employs in the employer's trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business or in the separate unit of such trade or business of such predecessor employer, then, upon application to the director signed by the predecessor employer and the acquiring employer, the employer acquiring such enterprise is the successor in interest. * * *
 {¶ 9} Appellee contends that it is JB Medas' successor-in-interest pursuant to the first clause of R.C 4141.24(F), which provides automatic successor-in-interest status "[i]f an employer transfers the employer's business or otherwise reorganizes such business." Appellee contends that its purchase of 100 percent of JB Medas' assets constitutes a transfer of the business under the statute. We agree.
 {¶ 10} Dating back to 1955, the Supreme Court of Ohio has equated the transfer of 100 percent of a business' assets to the transfer of a business under R.C. 4141.24(F). Apex Smelting Co. v. Cornell (1955),164 Ohio St. 369, 371-372 (finding no successor-in-interest but noting that, if all the assets of a business were transferred to the new business, there would have been a transfer of the business and the new business would be a successor-in-interest). The Ohio Supreme Court reaffirmed this position in In re Lord Baltimore Press, Inc. (1965),4 Ohio St.2d 68, by noting that the determinative factor in not granting successor-in-interest status in Apex was the failure to transfer all of the assets of the business. Id. at 72. In Lord Baltimore, the court refused to grant successor-in-interest status under this provision of R.C. 4141.24(F) when the putative successor-in-interest did not acquire the whole of the old business.
 {¶ 11} Additionally, Ohio Adm. Code 4141-17-04, upon which the trial court relied in finding appellee to be a successor-in-interest, provides for automatic successorship by operation of law where:
 (1) There is a transfer of all of the transferor's assets located in the state of Ohio; and
 (2) At the time of the transfer, the business is ongoing and the transferor is liable under Chapter 4141 of the Revised Code.
 {¶ 12} This court, citing Ohio Adm. Code 4141-17-04, has also noted that an acquiring business qualifies as a successor-in-interest under R.C. 4141.24(F) if it receives all of the predecessor employer's assets. Stouffer Hotel Mgt. Corp. v. Ohio Unemp. Comp. Bd. of Rev. (1993), 87 Ohio App.3d 179, 184. John Medas, appellee's vice president and the former president of JB Medas, testified that appellee purchased all of the assets of JB Medas. The parties never disputed that the business was ongoing at the time of the transfer or that JB Medas was liable under R.C. Chapter 4141. Such a purchase grants appellee successor-in-interest status pursuant to R.C. 4141.24(F) and Ohio Adm. Code 4141-17-04.
 {¶ 13} Appellant's contrary arguments are unavailing. Appellant first contends that appellee is not a successor-in-interest because it acquired less than the entire business and did not assume any of JB Medas' debts or obligations. We disagree. Mr. Medas' undisputed testimony, as well as the contract between JB Medas and appellee, demonstrate that appellee purchased all of JB Medas' assets. The purchase of all the assets of a business constitutes the transfer of the business for purposes of R.C. 4141.24(F). Apex, supra; Lord Baltimore, supra; Stouffer Hotel, supra. Moreover, R.C. 4141.24(F), Ohio Adm. Code4141-17-04, and relevant case law only require the purchase of all of a business' assets to become a successor-in-interest. They do not require the acquisition of a business' debts or obligations.
 {¶ 14} Appellant also contends that appellee is not a successor-in-interest because it did not assume any of the obligations of JB Medas' unemployment contribution account. Again, we disagree. The fact that appellee did not assume any of JB Medas' debts or obligations in the contract of sale between the parties does not lead to the conclusion that appellee did not assume the obligations of JB Medas' account. Rather, by operation of R.C. 4141.24(F) and the Ohio Administrative Code, appellee assumes "the resources and liabilities" of JB Medas' account once it is a successor-in-interest. Therefore, as soon as appellee purchased 100 percent of JB Medas' assets, it became a successor-in-interest to JB Medas and, by law, assumed all of the resources and liabilities of JB Medas' unemployment contribution account. The resources and liabilities of that account would include the contribution rate in effect prior to appellee's purchase, as well as any outstanding charges existing before the sale.
 {¶ 15} Appellee purchased 100 percent of the assets of JB Medas. Accordingly, the trial court did not abuse its discretion by finding that appellee was a successor-in-interest to JB Medas. Appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.