OPINION
{¶ 1} Appellant, All Star Personnel, Inc. ("All Star"), appeals from the April 28, 2005 judgment of the Franklin County Court of Common Pleas, in which that court affirmed the decision of appellee, Ohio Unemployment Compensation Review Commission ("the commission"), which determined that All Star is the successor-in-interest to Gloria Sustar Agency, Inc. ("the Sustar Agency").
 {¶ 2} This case began on December 24, 2001, when the director of the Ohio Department of Job and Family Services ("ODJFS"), mailed to All Star a Determination of Employer's Liability andContribution Rate in which the director determined that All Star is the successor-in-interest to the Sustar Agency. After the director refused to reconsider the determination, All Star appealed to the commission, which conducted a hearing.
 {¶ 3} The record from the proceedings before the commission reveals the following facts. The Sustar Agency was a Cincinnati-based temporary employment agency and was owned and operated by Gloria Sustar ("Mrs. Sustar"). By the beginning of the year 2001, the Sustar Agency had accumulated unpaid unemployment compensation premiums in excess of $300,000.
 {¶ 4} After ODJFS notified the Sustar Agency that the monthly payments it had been making were insufficient to adequately service the debt, and following notification that the Ohio Attorney General's office would press for dissolution of the company, the Sustar Agency filed a certification of dissolution on May 22, 2001. According to Mrs. Sustar, the Sustar Agency ceased operations on May 19, 2001. When she filed the certificate of dissolution with the Ohio Secretary of State, Mrs. Sustar submitted therewith her own affidavit, in which she averred that the Sustar Agency held no personal property in any county in Ohio.
 {¶ 5} Prior to its dissolution, the Sustar Agency was a party to vendor contracts with the city of Cincinnati ("the city") and the University of Cincinnati ("UC"), pursuant to which the Sustar Agency provided temporary employees to those entities. The Sustar Agency was one of only a few temporary employment agencies authorized by the city and UC to provide such services to those entities. According to Mrs. Sustar, the contracts with the city and UC were "transferred" on May 14, 2001, to All Star, a newly formed entity owned by Mrs. Sustar's daughter, Lucy Sustar. However, the Sustar Agency billed the city and UC for temporary services provided through May 18, 2001, the day before the Sustar Agency ceased doing business. Beginning on May 20, 2001, All Star billed the city and UC for provision of temporary services under the transferred contracts.
 {¶ 6} Mrs. Sustar testified that her daughter, Lucy, resides in California. Pursuant to a consulting contract, Mrs. Sustar and her husband, Frank, run All Star's day-to-day operations. Mr. and Mrs. Sustar operate as a sole proprietorship under the fictitious name "Professional Management Group of Cincinnati." In this capacity, they book temporary placements and perform other day-to-day functions of All Star. This includes oversight of all daily financial operations, such as paying temporary employees, making deposits into All Star's operating account, and writing checks to themselves for their services.
 {¶ 7} According to Mrs. Sustar, though she and her husband now perform All Star's daily operations, it was Lucy who secured the contracts with the city and with UC through an application process. Mrs. Sustar testified that Lucy had worked for the Sustar Agency since high school, and was knowledgeable about the temporary employment business. Moreover, according to Mrs. Sustar, the Sustar Agency provided no startup funding, equipment or furniture to All Star.
 {¶ 8} At the commission hearing, Mrs. Sustar testified that, at the time it ceased doing business, the Sustar Agency had over $30,000 in receivables and over $11,000 in cash. On cross-examination, however, she admitted that she had averred otherwise in her affidavit submitted with the certificate of dissolution, and had repeatedly denied to ODJFS' auditors that the company had any cash or other assets at the time of its dissolution.
 {¶ 9} Following the hearing, the commission issued a decision, including findings of fact and conclusions of law. The commission concluded that the Sustar Agency had transferred its business to All Star and, therefore, All Star is liable as the successor-in-interest to the Sustar Agency, pursuant to R.C.4141.24(F). The commission affirmed the ODJFS' director's decision on that basis.
 {¶ 10} All Star timely appealed to the Franklin County Court of Common Pleas, which affirmed the commission's decision. All Star then filed the instant appeal, and asserts one assignment of error for our review, as follows:
THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS A SUCCESSOR IN INTEREST PURSUANT TO SECTION 4141.24(F) OF THE OHIO REVISED CODE.
 {¶ 11} We begin our discussion by calling to mind the appropriate standard of review. "The court [of common pleas] may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 4141.26(D)(2).
 {¶ 12} In Kate Corp. v. Ohio State Unemp. Comp. Rev. Comm.,
10th Dist. No. 03AP-315, 2003-Ohio-5668, we set forth the standard of review applicable to this court as follows:
[A]n appellate court's role in reviewing the order of an administrative agency is more limited than that of a common pleas court. This court does not weigh the evidence. Childs v. Oil Gas Comm. (Mar. 28, 2000), Franklin App. No. 99AP-626, citingLorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, 533 N.E.2d 264. This court determines only if the common pleas court abused its discretion. Id. However, this court's review of questions of law is plenary.Childs, supra, citing Univ. Hosp., Univ. of Cincinnati Collegeof Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343, 587 N.E.2d 835.
Id. at ¶ 7.
 {¶ 13} Therefore, this appeal presents the question whether the court of common pleas abused its discretion in affirming the commission's decision imposing successor-in-interest liability upon All Star. When considering appeals involving questions of successor-in-interest liability, this court has defined "abuse of discretion" as connoting more than an error in judgment, but implying a decision that is without a reasonable basis and clearly wrong. WLS Stamping Co., Inc. v. Admr., Ohio Bur. ofEmp. Servs. (Dec. 14, 1993), 10th Dist. No. 93AP-278, citingAngelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.
 {¶ 14} We begin with an examination of the relevant statute. Section 4141.24(F) of the Ohio Revised Code provides:
If an employer transfers the employer's business or otherwise reorganizes such business, the successor in interest shall assume the resources and liabilities of such employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under this chapter. If an employer acquires substantially all of the assets in a trade or business of another employer, or a clearly segregable and identifiable portion of an employer's enterprise, and immediately after the acquisition employs in the employer's trade or business substantially the same individuals who immediately prior to the acquisition were employed in the trade or business or in the separate unit of such trade or business of such predecessor employer, then, upon application to the director signed by the predecessor employer and the acquiring employer, the employer acquiring such enterprise is the successor in interest. * * *
 {¶ 15} By the language of the statute, there are three methods by which a business may acquire successor-in-interest status. Kate Corp., supra, at ¶ 8. The second and third methods, described by the second sentence of R.C. 4141.24(F), require that both the predecessor employer and the acquiring employer submit an application for such status to the director.Hartzell Propeller, Inc. v. Ohio Bur. of Emp. Servs. (1989),65 Ohio App.3d 575, 578, 584 N.E.2d 1263. Because neither the Sustar Agency nor All Star made such application, the second and third methods do not apply.
 {¶ 16} The first method of acquiring successor-in-interest status is by operation of law, and is described in the first sentence of R.C. 4141.24(F). Pursuant to this first method, successor-in-interest status arises automatically upon the transfer of the entire business of the predecessor. Makkas v.Unemp. Comp. Bd. of Rev. (1985), 18 Ohio St.3d 349, 350, 18 OBR 389, 481 N.E.2d 603. See, also, Apex Smelting Co. v. Cornell
(1955), 164 Ohio St. 369, 371-372, 58 O.O. 153, 130 N.E.2d 817;In re Lord Baltimore Press, Inc. (1965), 4 Ohio St.2d 68, 33 O.O.2d 436, 212 N.E.2d 590; Readmate Automotive Sys., Inc. v.Bd. of Rev., Ohio Bur. of Emp. Servs. (Jan. 8, 1982), 10th
Dist. No. 81AP-344; Hospitality Health Care of Bowling Green,Inc. v. Unemp. Comp. Bd. of Rev. (Mar. 5, 1991), 10th Dist. No. 90AP-1276.
 {¶ 17} In the present case, the court of common pleas determined that reliable, probative, and substantial evidence existed in the record to support the commission's finding that the Sustar Agency had transferred its entire business to All Star and, that, as a result, All Star became the successor-in-interest to the Sustar Agency by operation of law. Specifically, the Sustar Agency transferred its vendor contracts to All Star, with no discernible interruption of the furnishing of temporary employees to the city and to UC. Moreover, Mrs. Sustar and her husband continue to maintain nearly exclusive control over all day-to-day aspects of All Star's business operations, just as they formerly did with respect to the Sustar Agency.
 {¶ 18} The court recognized that Mrs. Sustar had provided conflicting evidence on the issue of whether the Sustar Agency held any cash or assets, other than the vendor contracts, at the time of its dissolution. In her affidavit submitted with the Sustar Agency's certificate of dissolution she averred that the company had no assets; in her testimony at the hearing, she maintained that the company did have cash and accounts receivable following its dissolution. She repudiated her earlier sworn statement by stating that she did not understand what the affidavit meant when she signed it. Despite this conflicting evidence, the trial court found that reliable, probative, and substantial evidence existed in the record to support the commission's conclusion that the Sustar Agency had no assets following its dissolution and, thus, had transferred its entire business to All Star.
 {¶ 19} On appeal, appellant argues that the court should have discounted the affidavit evidence and should have focused instead on Mrs. Sustar's testimony. Appellant's position is that if the Sustar Agency failed to transfer its cash and receivables to All Star, then the Sustar Agency cannot be said to have transferred its business in toto, and All Star cannot be said to be the successor-in-interest by operation of law.
 {¶ 20} In response, the commission argues that Mrs. Sustar's self-serving testimony at the commission hearing does not overweigh or render insubstantial her earlier affidavit and the multiple occasions upon which she unequivocally told investigators that the Sustar Agency held no assets upon dissolution. Specifically, the record reveals that, during a 2001 meeting with ODJFS' auditors, at which her counsel was present, Mrs. Sustar repeatedly stated that the Sustar Agency had no assets. The commission argues that the court was not required to reject the commission's reliance upon this evidence simply because Mrs. Sustar told a different story at the hearing. We agree.
 {¶ 21} The Supreme Court of Ohio has held, "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility." Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265. See, also, Leon v. Ohio Bd. of Psychology (1992),63 Ohio St.3d 683, 687, 590 N.E.2d 1223.
 {¶ 22} We perceive no abuse of discretion in the trial court's finding that the commission's decision was supported by reliable, probative, and substantial evidence demonstrating that the Sustar Agency transferred its entire business to All Star, thereby rendering All Star the successor-in-interest to the Sustar Agency, pursuant to R.C. 4141.24(F). Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and French, J.